1  CAROL A. SOBEL  SBN 84483
   LAW OFFICE OF CAROL A. SOBEL
2  3110 Main Street, Suite 210
   Santa Monica, California 90405
3  T. 310 393-3055 F. 310 451-3858
   E. carolsobel@aol.com
4
   Attorneys for Plaintiffs
5

6

7                    UNITED STATES DISTRICT COURT

8   FOR THE CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

9

10  NANCY HANSON, DAVID BUSCH          )  CASE NO.
    and DENISE KRAJEWSKI, as           )
11  individuals and as representatives )  CLASS ACTION CIVIL RIGHTS
    of the class,                      )
12                                     )  42 U.S.C. §1983:
               Plaintiffs,             )
13                                     )  FOURTH and FOURTEENTH
    v.                                 )  AMENDMENT
14                                     )
    CITY OF LOS ANGELES, a municipal   )
15  entity; DOES 1-10,                 )
                                       )
16             Defendants.             )
                                       )
17  _____)

18            **JURISDICTION AND VENUE**

19       1.    This action is brought on behalf of a class of homeless persons in

20  the Venice area of the defendant City of Los Angeles, seeking damages and

21  declaratory relief. This Court has jurisdiction over the claims of Plaintiffs Nancy

22  Hanson, Denise Krajewski and David Busch, on behalf of themselves and the

23  class of persons involved in the same event giving rise to Plaintiffs' action.

24  Plaintiffs have alleged an abridgment of their rights pursuant to 42 U.S.C.

25  §1983 and the Fourth and Fourteenth Amendments.

26       2.    Jurisdiction is proper in this Court based on 28 U.S.C. §§1331 and

27  1343 in that this case raises question of federal constitutional law pursuant to 42

28  U.S.C.§1983.  Jurisdiction is also proper under the Declaratory Judgment Act,

    28 U.S.C. §2201-2202.

3.    Venue is proper in the Central district of California pursuant to 28 U.S.C. §1391(b) as all parties reside in the Central District and the acts or omissions complained of in these matters have occurred or will occur in the Central District.

## INTRODUCTION

4.    In June, 2011, the district court entered a preliminary injunction in *Lavan v. City of Los Angeles*, cv 11-02874 PSG (CWx), 2012 U.S. App. LEXIS 18639 (9th Cir. Sept. 5, 2012) (affirming preliminary injunction on interlocutory appeal), barring the defendant from taking and summarily destroying the property of homeless individuals without notice.  Less than a year later, and after argument was held at the Ninth Circuit, in an extraordinary display of arrogance, the same defendant seized the property of homeless individuals in the Venice area and immediately destroyed nearly all of the property.  In *Lavan*, the defendant City asserted, unsuccessfully, that signs posted on Skid Row provided sufficient warning of the risk of the confiscation and destruction pursuant to Los Angeles Municipal Code ("LAMC") §56.11.  In Venice, the City made no pretext of having provided <u>any</u> notice.  No signs were posted on the street where the property was seized and destroyed.  Astonishingly, the position articulated by the City in the events leading to this action, including by supervising police officers assigned to Pacific Division, was that the arguments emphatically rejected by the court issuing and then upholdingthe injunction – that a city ordinance could somehow trump state law regarding preserving "abandoned" property and federal constitutional rights against unlawful seizure and due process for property rights under the Fourth and Fourteenth Amendments, respectively – somehow did not apply in Venice.

5.    The defendant City has made it clear that it believes it is above the law and the courts.  This is the fifth time the City has been sued in two decades for the very same action directed against homeless individuals and the second

2

time that it has been sued for seizing and destroying the property of homeless individuals in Venice. Despite the fact that the courts have consistently found the City's conduct unlawful, the City brazenly repeated its illegal tactics.

6. As in *Lavan*, the City knew that the plaintiffs' property it took from the sidewalk and destroyed in Venice was not abandoned. In *Lavan*, the court noted with ardent disapproval that the City had seized the personal property of homeless individuals without adequate notice or subsequent opportunity to retrieve collected items prior to destruction. The events giving rise to this action occurred on Third Avenue in Venice, between Rose and Sunset. This was a single block where many homeless individuals in Venice had relocated to after being forced off the Venice Boardwalk by the police. The City knew it was not abandoned property as the LAPD targeted the area for constant patrols day and night. The property of the homeless individuals was neatly packed up for the day.

7. Significantly, the court in *Lavan* addressed three key issues that are determinative of this action. First, the Court held, and the Ninth Circuit affirmed, that the property of homeless individuals is protected by the Fourth Amendment's protection against unlawful and unreasonable seizure. Second, the court held that the property of homeless individuals is not abandoned simply because they leave for a short time to use a bathroom, get food, or perform other necessary daily tasks. Third, even if the City could somehow reasonably believe that the property in question was abandoned, it may not be destroyed without notice and an opportunity to reclaim it. *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1024, 1032 (9th Cir. 2012).

8. Plaintiffs seek declaratory relief and damages on behalf of themselves and the class of individuals they represent. It is indisputable that the City's actions in this instance violated federal constitutional law that, along with state statutory protections for possibly "abandoned" property, trumps the Los

Angeles Municipal Code section which the City claims authorizes its unlawful conduct.   The Court should declare that defendant's improper actions are as unlawful against homeless individuals in Venice as they are in Skid Row.

## STATEMENT OF FACTS

9.   On the morning of March 7, 2012, Los Angeles Department of Public Works ("Public Works") employees and LAPD officers swept through Third Avenue in Venice, seizing all property on the sidewalk.  All of the property belonged to homeless individuals who sleep on the sidewalk at night pursuant to the settlement in *Jones v. City of Los Angeles*, 444 F.3d 1118  (9th Cir. 2006). Significantly, the streets in Venice were completely devoid of any signs that would provide warning or notice to individuals of LAMC §56.11, or notice that such an operation by Public Works would be taking place on this day.   The homeless community on Third Avenue in Venice woke early on that morning and, as they did every other day, neatly organized their possessions and left to get food, use a bathroom, obtain services at St. Joseph's and the Venice Family Clinic, both nearby, or engage in other common daily tasks.

10.   After nearly everyone had left, Public Works and the police arrived mid-morning with three large trash trucks.  City employees and agents slashed protective coverings and ties and threw the property away.  All of the items on the sidewalks were seized and thrown into the Public Works trucks.  While this was occurring, Plaintiff Busch returned and, unable to reason with the City employees, made a call to Councilmember Rosendahl, whose district includes Venice.   On information and belief, Plaintiffs allege that Councilmember Rosendahl was able to have two of the trucks diverted to a City yard in another area of Venice.  On information and belief, Plaintiffs allege that Councilmember Rosendahl intervened to direct that the property not be destroyed and to permit people an opportunity to reclaim their items.  Homeless service providers then transported a few people, including Mr. Busch, to the yard by automobile.  When

4

Mr. Busch and the others arrived, their property had been dumped on the ground. A few people were able to reclaim some of their belongings, but much of it had been irretrievably damaged or destroyed. Moreover, one of the Public Works trucks had apparently already gone to the yard on the other side of the City, making it completely inaccessible to the homeless individuals. No property from the third truck was recovered.

11. Defendant's actions were a devastating blow to Plaintiffs. The property they lost was all they possessed and contained items such a medicines and medical records, birth certificates, identification, traffic tickets and other official documents, photographs and other documents relating to their families, clothes, tents, blankets and small electronics. Plaintiffs had not abandoned any of their possessions. The care with which their personal property was neatly stored underscores what the City already knew: that these possessions were only left unattended temporarily. In one instance, a Public Works employee cut away a neatly packed cart that was deliberately secured to a tree and then threw away all of the property on the cart.

**PARTIES**

**Plaintiffs:**

12. Plaintiff **NANCY HANSON** is a homeless individual who was residing in the Venice area of Los Angeles. She is disabled. At the time of these events, she had sought assistance for months from various providers to help her obtain housing, but was unsuccessful despite having case workers at two social service agencies. On March 7, 2012, all of Ms. Hanson's belongings were confiscated and summarily destroyed by the Defendant City's agents and employees when she left her property packed up while she went to the public restrooms at the nearby Venice beach. She sues on behalf of herself and other similarly situated individuals.

13.     Plaintiff **DENISE KRAJEWSKI** is a homeless individual who was residing in the Venice area of Los Angeles. On March 7, 2012, all of Ms. Krajewski's belongings were confiscated and immediately destroyed by the Defendant City's agents and employees.  Ms. Krajewski was not present at the time her property was taken by defendant.  All of her property had been neatly piled on Sunset Avenue, at the end of Third Avenue.  Her property was not obstructing a sidewalk. She sues on behalf of herself and all similarly situated individuals.

14.     Plaintiff **DAVID BUSCH** is a longtime resident of Venice and an activist in the homeless community there.  At the time of these events, he had left to use the public restrooms at the Venice Beach after they opened in the morning.  His property was taken and, although he was able to enlist Councilmember Rosendahl to block destruction of the property, many of his possessions were destroyed and/or irretrievably damaged by the City when the property was taken from Third Avenue.  He sues on behalf of himself and all similarly situated individuals.

**Defendant:**

15.     Defendant **CITY OF LOS ANGELES** is a municipal entity organized under the laws of the State of California. The City is a legal entity with the capacity to sue and be sued. The departments of the City of Los Angeles include, among others, the Los Angeles Police Department and the Los Angeles Department of Public Works, employees of which committed the acts constituting the violations of Plaintiffs' rights alleged in this action.

16.     Defendant DOES 1-10 are agents and employees of the City of Los Angeles who made the decision to seize and destroy the property of homeless individuals in Venice on March 7, 2012 and/or carried out the decision to

6

confiscate and demolish the property of plaintiffs without notice and an opportunity to reclaim their personal belongings.

17. In doing the acts complained of herein, defendant, its officials, employees, and agents involved in the violation of plaintiffs' rights, were acting under the color of law. At all times relevant to this action, defendant, its agents and employees, acted within the scope of their agency and employment, and worked under the consent and knowledge of their principal and employer, the defendant City of Los Angeles.

## MONELL ALLEGATIONS

18. Defendant City has a policy, practice, and/or custom of conducting sweeps to confiscate and destroy the property of homeless individuals who have no place to live other than the sidewalks because of the lack of shelter in Los Angeles. Plaintiffs are informed and believe that each of the City agents and employees present on 3rd Ave. and Sunset Ave. on March 7, 2012 were personally involved in the violation of Plaintiffs' constitutional and statutory rights by authorizing, acquiescing or setting into motion the policies, plans and actions that led to the unlawful conduct, by demonstrating deliberate indifference during the occurrence of the unlawful action, and by failing to take remedial and disciplinary action.

19. Moreover, the Defendant City was on notice of the unlawfulness of their actions based on four previous legal actions brought against the City for nearly identical operations. In fact, following the fourth of these actions, the District Court granted an injunction against the City, prohibiting City officials, employees, and agents from confiscating the property of homeless individuals on Skid Row. Just a month prior to the events giving rise to this action, the City's interlocutory appeal from the Order entered by the District Court was argued

before the Ninth Circuit. The injunction was affirmed by the appeals court and remains in effect.

## CLASS ALLEGATIONS

20.    Plaintiffs Hanson, Krajewski and Busch seek to certify a class pursuant to F.R.C.P 23(b)(3) for declaratory relief and damages.

21.    The putative class includes approximately 60-70 individuals who resided on Third Avenue at night at the time that this incident occurred. Each member of the class had some or all of his or her personal property taken and destroyed on the morning of March 7, 2012. Because the class is composed of transient individuals, it is not practicable to join all members in this action.

22.    The declaratory relief class includes all homeless persons living in the Venice area of Los Angeles, who have been, are now, or will be in the future be subject to Defendant's unconstitutional policies, practices, or customs challenged by this action, including the unlawful seizure, confiscation and summary destruction of personal property; deprivation of personal property without due process of law; and the failure of the City to comply with California Civil Code §2080 and store any property taken on the objectively reasonable belief that the property is abandoned.

23.    The actions of Defendant in the present case are virtually identical to those actions addressed by the District Court in three previous cases. First, in *Justin, et al. v. City of Los Angeles*, No. 00-12352 (C.D. Cal. Dec. 6, 2000) 2000 U.S. Dist. LEXIS 17881, the court entered an injunction against the defendant City in for the same action but limited in scope to the area of the Central City known as Skid Row. Second, in 2005, a similar class action lawsuit was filed for an incident in the Venice Beach area in *Noe v. City of Los Angeles*, cv 05-08374, in which a settlement was approved in 2006 for the class of individuals whose property was destroyed in that case. Finally, in *Lavan v. City of Los Angeles*,

8

2011 U.S. Dist. LEXIS 46030 (C.D. Cal., Apr. 22, 2011), 693 F.3d 1022 (9th Cir. 2012), the court again issued an injunction against the defendant City to enjoin it from seizing and immediately destroying personal property belonging to homeless individuals on Skid Row.

24.    Common Questions of Law and Fact: The questions of law and fact implicated in this case are common to all members of the proposed 23(b)(c3) class and predominate over any issue affecting individual class members. The violations of the rights of the class members arise from a common set of facts and a common and deliberate plan of Defendant to confiscate and destroy private and personal property of members of the putative class. All potential class members have the same rights:

(a)    the right to be free from unreasonable property seizure of their property pursuant to the Fourth Amendment;

(b)    the right to receive adequate notice and due process protections under the Fourteenth Amendments;

(c)    the right to be compensated when the City takes their personal property without due process as required by the Fourteenth Amendment.

25.    **Common questions of law and fact include the following:**

(a)    whether the Defendant City's policies, practices and/or customs of seizing the property of homeless individuals without prior notice or the opportunity to recover vital personal possessions before they are destroyed violated and continue to violate Plaintiffs' constitutional rights;

9

      (b)     whether the Defendant City's policies, practices and/or customs violated and continue to violate the class members' constitutional rights to procedural due process;

26. **Typicality:** The claims of Plaintiffs Hanson, Krajewski and Busch, as the representative parties, are typical of the claims of the class members with respect to the constitutionality and legality of the Defendant City's policies, practices and conduct at issue here. The named class representatives' claims arise from the same incident on March 7, 2012 as the absentee class members' claims. The prosecution of individual actions against the city by individual class members would create a risk of inconsistent and varying adjudications, which would result in variable standards of conduct for Defendant.

27. **Adequacy of Representation:** The class representatives will fairly and adequately protect the interests of the class members. Additionally, the class representatives are unaware and know of no conflict of interests amongst class members that would preclude their fair and adequate representation. The named Plaintiffs and class members seek to assure that the City did not illegally seize and destroy the personal property of homeless persons, under threat of arrest. Therefore, the relief that the named plaintiff seeks will benefit all members of each subclass.

28. **Adequacy of Class Counsel:**

Plaintiffs' Class Counsel is an experienced litigator with more than 30 years as a civil rights attorney. She is experienced in class action litigation and has successfully challenged the issues raised by this action, as well as related issues of police enforcement actions on behalf of homeless communities in Los Angeles. These cases include: *Justin v. City of Los Angeles*, No. 00-12352 (C.D. Cal. Dec. 6, 2000) 2000 U.S. Dist. LEXIS 17881, *Fitzgerald v. City of Los Angeles*, 2003 U.S. Dist. LEXIS 27383 (C.D. Cal. 2003); *Jones v. City of Los*

*Angeles*, 444 F.3d 1118 (9th Cir. 2006), and *Lavan v. City of Los Angeles*, 2011 U.S. Dist. LEXIS 46030 (C.D. Cal., Apr. 22, 2011).

29.    **Notice to the Proposed Class:** Plaintiff's Counsel is in contact with groups and individual advocates for homeless persons who, in the course of providing services to the homeless populations in the City, can assist in notifying and identifying potential class members of this action and the parameter of the classes.

**FIRST CAUSE OF ACTION**
**Right to be Secure from Unreasonable Seizures**
**42 U.S.C. Section 1983 – Fourth Amendment**

30.    Plaintiffs reallege and fully incorporate herein paragraphs 1 through 29 above.

31.    Defendant City violated Plaintiffs' Fourth Amendment rights to be free from unreasonable seizure of property by confiscating and then immediately destroying their personal property without a warrant despite the Defendants' actual knowledge that Plaintiffs' property was not abandoned and not unreasonably obstructing the public walkway.

32.    Defendant's unlawful actions, through the conduct of its employees from the Los Angeles Police Department ("LAPD") and the Department of Public Works, was conducted with the specific intent to deprive Plaintiffs of their constitutional right to be secure in their property.

33.    Plaintiffs are informed and believe that the acts of the Defendant were intentional in failing to protect and preserve their property and that, at a minimum, the City was deliberately indifferent to the likely consequence that the property would be seized and destroyed unlawfully based on the past circumstances of similar constitutional and statutory violations of the law.

34.    As a direct and proximate consequence of the acts of the Defendant City's employees and agents, Plaintiffs have suffered and continue to suffer a

loss of their personal property and are entitled to compensatory damages for their property and other injury to their persons.

### SECOND CAUSE OF ACTION
#### Due Process of Law
#### 42 U.S.C. Section 1983 – Fourteenth Amendments

35.    Plaintiffs reallege and fully incorporate herein paragraphs 1 through 29 above.

36.    Defendant City owed Plaintiffs a duty under the due process clause of the Fourteenth Amendment to the U.S. Constitution, and the statutory law of the State of California, to protect Plaintiffs' personal property that Defendant City could not have objectionably believed was abandoned and, in fact, knew was not abandoned because agents and/or employees of the City patrolled the site of the incident multiple times each day to observe the homeless community gathered at this location.

37.    Defendant did not provide adequate notice, let alone <u>any</u> notice, that the street would be cleared of all property on the day of March 7, 2012. The location in question was not posted with a single sign advising of the provisions of LAMC §56.11.  The property was removed in a manner likely to damage it and, in fact, did so.  Defendant did not preserve the property or provide any means of reclaiming the confiscated property, depriving Plaintiffs of any opportunity to be heard before their property was effectively destroyed.  The City's actions were virtually identical to the actions repeatedly enjoined, most recently in *Lavan*.  Even though there was no objectively reasonable basis to believe that the property of Plaintiffs' was abandoned in this incident, Defendant's were aware at the time of this incident, through the *Lavan* litigation, that California Code of Civil Procedure § 2080 *et seq*. imposes a mandatory duty to maintain property which is believed to be abandoned so that it may be reclaimed by its rightful owner.

38.    As a direct and proximate consequence of the acts of Defendant City's agents and employees, Plaintiffs have suffered and continue to suffer loss of their personal property and are entitled to compensatory damages for their property and other injury to their persons.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray as follows:

1.    For a declaration that the polices, practices and/or customs of Defendant violate Plaintiffs' rights under the Fourth Amendment to be free from seizure of their personal property without a warrant;

2.    For a declaration that the polices, practices and/or customs of Defendant violate Plaintiffs' rights under the Fourteenth Amendment to be free from seizure and destruction of their personal property without due process of law, including an opportunity to challenge any seizure and to recover their property;

3.    For damages according to proof and on the basis of statutory amounts recoverable under California law for the loss of their property, the violation and of their constitutional rights and for pain and suffering resulting from the unlawful conduct of Defendant;

4.    For attorney fees and costs as provided by law;

5.    For any further relief the Court deems just and proper.

Dated: April 8, 2013                    Respectfully submitted,

LAW OFFICE OF CAROL A. SOBEL

By: CAROL A. SOBEL
Attorneys for Plaintiffs

13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## REQUEST FOR JURY TRIAL

Plaintiffs hereby request a jury trial on the damages in this action.

Dated: April 8, 2013                    Respectfully submitted,

LAW OFFICE OF CAROL A. SOBEL

By: CAROL A. SOBEL
Attorneys for Plaintiffs

Name & Address:
Carol A. Sobel    SBN 84483
LAW OFFICE OF CAROL A. SOBEL
3110 Main Street, Suite 210
Santa Monica, CA 90405
310 393-3055

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Nancy Hanson, David Busch and Denise Krajewski, as individuals and as representatives of the class, <br><br> PLAINTIFF(S) <br> v. <br><br> CITY OF LOS ANGELES, a municipal entity; DOES 1-10, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV13-02571 GW(AGRx) <br><br><br> **SUMMONS** |
| --- | --- |

TO:    DEFENDANT(S):

    A lawsuit has been filed against you.

    Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Carol A. Sobel_____, whose address is _3110 Main Street, Suite 210, Santa Monica, California 90405_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Dated: ___  APR 1 1 2013 _____

Clerk, U.S. District Court

By: ___JULIE PRADO_____
       Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Nancy Hanson, David Busch and Denise Krajewski | City of Los Angeles, Does 1-10 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Carol A. Sobel  SBN 84483        310 393 3055<br>Law Office of Carol A. Sobel<br>3110 Main Street, Suite 210<br>Santa Monica, CA 90405 | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Carmen Trutanich<br>Los Angeles City Attorney<br>200 N. Main Street, 800 City Hall East<br>Los Angeles, California 90012 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ TBD

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. Sec. 1983: Confiscation and destruction of property of homeless individuals in Venice in violation of the Fourth and Fourteenth Amendments

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: CV13-02571

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s):

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?  ☐ NO  ☒ YES

If yes, list case number(s):  cv 11-02874 Lavan v. City of Los Angeles

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☒ A. Arise from the same or closely related transactions, happenings, or events; or

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☒ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):**  DATE: April 8, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |